By the Court.
 

 Section 1083-12, G-eneral Code, provides as follows:
 

 “At any time within eighteen months after this act becomes effective, upon due application therefor and the payment of the registration fee of fifteen ($15) dollars for professional engineers, or ten ($10) dollars for surveyors, the board shall issue a certificate of registration, without oral or written examination, to any professional engineer or surveyor who shall submit evidence, under oath, satisfactory to the board that
 
 *376
 
 he is of
 
 good
 
 character, has been a resident of the state of Ohio for at least one year immediately preceding the date of his application, and was practicing professional engineering if an engineer, or surveying if a surveyor, at the time this act became effective, or has had previous practice and responsible charge of work of a character satisfactory to the board.
 

 “After this act shall have been in effect eighteen months, the board shall issue certificates of registration only as provided for in Section 13 or Section 21 [Section 1083-13 or 1083-21, General Code] thereof.”
 

 The requirements of two classes of applicants for registration were thus provided: First, those applicants who were practicing professional engineering at the date this law became effective; and, second, those who were not then practicing professional engineering but who claimed to be qualified by reason of previous experience.
 

 The term “professional engineering” is defined in Section 1083-2, General Code, as follows:
 

 “The term
 
 ■
 
 professional engineer’ as used in this act shall mean a person who, by reason of his knowledge of mathematics, the physical sciences, and the principles of engineering, acquired by professional education and practical experience, is qualified to engage in engineering practice as hereinafter defined.
 

 “The practice of professional engineering within the meaning and intent of this act includes any professional service, such as consultation, investigation, evaluation, planning, design, or responsible supervision of construction or operation, in connection with any public or privately owned public utilities, structures, buildings, machines, equipment, processes, works or projects, wherein the public welfare, or the safeguarding of life, public health or property is concerned or involved, when such professional service requires the application of engineering principles and data.”
 

 
 *377
 
 Concerning the second basis or ground for registration, the act clearly conferred upon the board the authority to determine whether the previous practical experience of the applicant has been of a character sufficient to establish his qualifications for registration.
 

 The relator attempts in his amended petition to bring his case within each of these classes. The answer denies that at the effective date of such act relator was practicing professional engineering, and also denies that he had previous experience and responsible charge of work of a character satisfactory to the board. Under the state of the pleadings, then, the right of the relator to a certificate of registration upon either ground is challenged and squarely placed in issue.
 

 Although the answer admits that certain papers and statements were filed with the board, it in effect denies the truthfulness or accuracy of such statements. If the answer contain an admission that the relator had been engaged in the performance of engineering-work as claimed, there would be no issue.
 

 This cause was originally submitted to this court upon a demurrer to the answer, which was overruled December 13, 1944, for the obvious reason that the allegations of the answer, coupled with the denials therein, made issues of fact and not of law. In the state of the pleadings before us, no question of law is directly presented for decision. Upon the issues made, the burden is upon the relator, and he is required to support the allegations of his pleading and sustain his claim by competent evidence.
 

 The issuance of a certificate of registration as a professional engineer or surveyor without oral or written examination is authorized only upon compliance by the applicant with the requirements of Section 1083-12, General Code.
 

 To be entitled to a writ of mandamus, the relator must show a plain dereliction of a duty specially en
 
 *378
 
 joined by law upon the State Board of Registration for Professional Engineers and Surveyors; he must establish either that he was practicing professional engineering at the time the act to regulate the practice of professional engineering (now Sections 1083-1 to 1083-26, General Code) became effective, and by reason thereof was entitled to registration, or that he had previous engineering practice and responsible charge of engineering work of a character sufficient to establish his qualifications for registration; and that the board abused its discretion in refusing to grant such certificate. A clear legal right thereto must be shown before a writ of mandamus will issue. No evidence having been adduced, it follows that the writ must be denied.
 

 Writ denied.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, • Turner, Matthias and Hart, JJ., concur.